In the Matter of Disciplinary Proceedings Against
Keith H.S. Peck, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

Keith H.S. Peck, Respondent.

Supreme Court

*No. 2006AP407–D. Decided May 9, 2006.*

2006 WI 42

(Also reported in 714 N.W.2d 104.)

The Court entered the following order on this date:

On February 20, 2006, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Attorney Keith H. S. Peck asking this court to impose reciprocal discipline identical to that imposed on Attorney Peck by the Hawaii Supreme Court. That court issued an order dated May 26, 2005, publicly reprimanding Attorney Peck. On February 21, 2006, this court issued an order to show cause directing Attorney Peck to show cause in writing by March 13, 2006, why the imposition of the identical discipline imposed by the Hawaii Supreme Court would be unwarranted. Attorney Peck failed to respond to the order to show cause.

Attorney Peck was admitted to practice law in Wisconsin in 1996 and he became licensed to practice law in Hawaii in 1997.

The public reprimand in Hawaii resulted from his violation of Hawaii Rules of Professional Conduct (HRPC) as follows:   (1) in the course of representing a client, knowingly making a false statement of material fact or law to a third person, in violation of HRPC 4.1(a); (2) engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of HRPC 8.4(c); (3) in the course of representing a client, using means that have no substantial purpose other than to embarrass, delay, or burden a third person, in violation of HRPC 4.4; and (4) violating the rules of professional conduct, in violation of HRPC 8.4(a).

SCR 22.22(3) provides that this court shall impose the identical discipline or license suspension unless the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a due process violation; there was such an infirmity of proof establishing the misconduct that this court should not accept as final the misconduct finding; or the miscon-

duct justifies substantially different discipline here. Neither OLR nor Attorney Peck contends, nor does this court find, that any of these three exceptions exist.

Accordingly,

IT IS ORDERED that Keith H. S. Peck is publicly reprimanded.